acm

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JAMES STEMPLE,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05-4099-JAR** |
| | ) | |
| **MARYLAND CASUALTY COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM AND ORDER CERTIFYING QUESTION OF STATE LAW TO THE KANSAS SUPREME COURT

This matter comes before the Court on defendant's Motion for Summary Judgment. (Doc. 16.)  Defendant Maryland Casualty Company seeks dismissal of plaintiff's claim for uninsured motorist benefits stemming from an automobile accident that occurred in the course and scope of plaintiff's employment.  The motion is fully briefed and ripe for determination. Under the Uniform Certification of Questions of Law Act, K.S.A. § 60-3201, the Kansas Supreme Court may answer questions of law certified to it, when requested by the certifying court:

> [I]f there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state.

For the reasons stated below, the Court certifies a question of law involved in this matter to the Kansas Supreme Court.

### I.  Background

On April 8, 2003, plaintiff James Stemple was struck by an automobile while working for his employer, F&S Supply.  Plaintiff had stopped the vehicle he was driving and was retrieving items from the back of the vehicle when another vehicle, owned by Drew Ivey, began rolling down a hill and struck plaintiff from behind causing him serious injury.  After making a claim against Ivey for his negligence, plaintiff settled with Ivey's insurance company for $100,000, the limit under Ivey's liability policy.  Plaintiff also made a claim against F&S Supply for workers' compensation and was awarded $31,986.44 from his employer's workers' compensation carrier, Liberty Mutual.[1]  The vehicle that plaintiff was standing behind when the accident occurred was owned by F&S Supply and insured by defendant Maryland Casualty Company under a policy that includes underinsured coverage.  Plaintiff filed suit in the District Court of Neosho County, Kansas, against Maryland Casualty Company pursuant to the underinsured provisions of his employer's insurance policy for damages plaintiff received in excess of his $100,000 settlement with Ivey.  Defendant removed this action on August 11, 2005 based on diversity jurisdiction.

## II.  Analysis

"Certification is a useful procedure which the Supreme Court has used or commended several times."[2]  "The decision to certify rests in the sound discretion of the federal district court."[3]  "Certification is particularly appropriate where the legal question at issue is novel and

---

[1]This amount consists of $7,678.62 in compensation paid; $16,307.82 in medical and hospital expenses; and $8,000 in settlement of any and all claims arising out of plaintiff's employment with F&S Supply.  (Doc. 18, Ex. A.)

[2]*Copier ex rel. v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998) (citations omitted).

[3]*Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

the applicable state law is unsettled."[4]  With regard to the precise issue in this case, one author

has commented that "Kansas law is currently unsettled as to whether an employee injured in the

course of his employment by an uninsured or underinsured motorist can recover under his

employer's uninsured motorist (UM) or underinsured motorist (UIM) policy as well as under the

Kansas Workers' Compensation Act."[5]

Defendant argues that because plaintiff already received a workers' compensation

settlement from his employer, plaintiff's claim against his employer's underinsurance carrier is

barred by the exclusive remedy provision of the Workers' Compensation Act, K.S.A. § 44-

501(b).  In support of this argument, defendant points to a Tenth Circuit case, *Price ex rel. Price*

*v. Western Resources, Inc.*, which states:

> While the legislature sought to protect workers by imposing blanket liability for
> injuries they sustained on the job, it also sought to be fair to employers.  As a result,
> § 44-501(b) was enacted.  The purpose of § 44-501(b) is to provide an exclusive
> remedy.  In other words, workers in Kansas enjoy broad workers compensation
> protection.  However, that is their *sole remedy*.[6]

However, *Price* may not be determinative because it discusses K.S.A. § 44-501(b) in the context

of a tort action while plaintiff's claim may be construed as a separate, contract action based on

F&S Supply's insurance policy with Maryland Casualty Company.  Defendant admits that this

issue has not been addressed by the Kansas Supreme Court nor the Kansas Court of Appeals.

But defendant refers the Court to a Massachusetts decision which held:

> The plaintiff's [uninsured motorist] claim derives from the same incident, a personal

---

[4]*Id.*

[5]Brooke A. Bennett, Comment, *The Clash Between Workers' Compensation Benefits and Underinsured Motorist Benefits Under Kansas Law*, 51 U. Kan. L. Rev. 155, 155 (2002).

[6]232 F.3d 779, 789 (10th Cir. 2000) (emphasis added).

> injury sustained in the course of employment, which gave rise to the payment of workers' compensation. Merely characterizing the claim as contractual does not alter the essential nature of this common law claim. [Defendant], if required to pay [uninsured motorist] benefits, still would be paying a worker for an injury sustained in the course of employment.[7]

Defendant requests the Court to look to the Massachusetts holding for guidance in granting its motion for summary judgment.

Contrary to defendant's position, plaintiff argues that the Kansas Supreme Court has allowed an injured plaintiff employee to recover both workers' compensation and underinsured motorist benefits.[8] Plaintiff correctly points out that the issue in these cases was not whether the plaintiff may recover from both sources, but whether the underinsurance carrier was entitled to set off workers' compensation benefits already paid by the employer. The Kansas Supreme Court has held that the "legislature intended [the uninsured motorist laws of Kansas] to permit an insured to recover underinsured motorist benefits which are not duplicative of workers' compensation benefits."[9] However, in none of these cases did the exclusivity provision in the Workers' Compensation Act[10] apply because the defendants were not insurance carriers for the employer, but rather for the individual employees. Therefore, Kansas courts have yet to address the precise issue in this case: whether the exclusivity provision of K.S.A. § 44-501(b) bars

---

[7]*Berger v. H.P. Hood, Inc.*, 624 N.E.2d 947, 949 (Mass. 1993) (citation omitted).

[8]*Fisher v. State Farm Mut. Auto. Ins. Co.*, 955 P.2d 622, 632 (Kan. 1998) (allowing plaintiff's recovery from employee's own insurance company of underinsurance benefits that were not duplicative of workers' compensation benefits received for the same accident); *Kilner v. State Farm Mut. Auto. Ins. Co.*, 847 P.2d 1292, 1299 (Kan. 1993) (holding that an insurer may exclude or limit its uninsured and underinsured motorist coverage under the employee's own policy to the extent that underinsured benefits were duplicative of workers' compensation benefits already received by the employee); *Allied Mut. Ins. Co. v. Gordon*, 811 P.2d 1112, 1120 (Kan. 1991) (holding that insurance company could set off underinsurance benefits paid to the policyholder, the injured plaintiff, with the payments that plaintiff already received in workers' compensation benefits).

[9]*Kilner*, 847 P.2d at 1299.

[10]K.S.A. § 44-501(b).

4

plaintiff's recovery against his employer's insurance company for underinsurance coverage when the plaintiff has already received workers' compensation benefits from his employer.

Plaintiff further argues that the Tenth Circuit has interpreted Kansas law to allow an employee to recover workers' compensation benefits from his employer along with underinsurance coverage from his employer's policy.[11]  The court in that case held that the employer was not entitled to subrogation of the workers' compensation benefits because subrogation is allowed only for tort actions; and an action based on uninsured motorist policies is a contract action under Kansas law.[12]  However, the viability of this holding is questionable, for as one author points out, it is unclear whether the Kansas courts today would follow the Tenth Circuit's application of Kansas law from a 1981 case that was decided shortly after the uninsured and underinsured motorist statutes were adopted.[13]

Further, plaintiff argues that the Massachusetts decision cited by defendant, should not apply in Kansas because the exclusivity provision in the Massachusetts workers' compensation statute explicitly releases an "insurer" of an employee's claims upon the employee's filing of a workers' compensation claim.[14]  Conversely, the exclusivity provision in the Kansas statute releases the "employer" and "other employee[s] of such employer" from additional claims by the

_____

[11]*Knight v. Ins. Co. of N. Am.*, 647 F.2d 127 (10th Cir. 1981).

[12]*Id*. at 128-29 (citing *Winner v. Ratzlaff*, 505 P.2d 606, 612 (Kan. 1973)).

[13]Brooke A. Bennett, Comment, *The Clash Between Workers' Compensation Benefits and Underinsured Motorist Benefits Under Kansas Law*, 51 U. Kan. L. Rev. 155, 173 (2002).

[14]*Berger v. H.P. Hood, Inc.*, 624 N.E.2d 947, 949 (Mass. 1993) (citing Mass. Gen. Laws Ann. Ch. 152, § 23).

employee while making no mention of an insurer's release from liability.[15]

Both parties also discuss the recent Kansas Supreme Court decision in *Farmers Insurance Co., Inc., et al. v. Southwestern Bell Telephone Co.* ("*Farmers*").[16]  While defendant states that the court had the opportunity to address this exact question in *Farmers*, the facts of the *Farmers* case, while similar to the instant case, are not exactly on point.  In *Farmers*, the issue was whether the plaintiff employee was barred by the exclusivity provision from receiving uninsurance benefits from his employer, who was a self-insured entity under the laws of the State of Kansas, after plaintiff had also received a workers' compensation settlement from his employer.[17]  In that case, the plaintiff employee was attempting to recover benefits that would both be provided by his employer as a self-insured entity.  In this case, plaintiff Stemple is attempting to recover workers' compensation benefits from Liberty Mutual, his employer's workers' compensation carrier, along with underinsurance benefits from Maryland Casualty Company, his employer's underinsurance carrier.[18]

---

[15]*See* K.S.A. § 44-501(b) ("[N]o employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under the workers compensation act . . . .").

[16]113 P.3d 258 (Kan. 2005).

[17]*Id.* at 976-77.

[18]In their briefs, the parties dispute whether plaintiff will have duplicative recovery.  As previously stated, plaintiff received a workers' compensation settlement from his employer that was paid by the employer's workers' compensation carrier, Liberty Mutual.  After plaintiff received his settlement from Ivey's insurance company, plaintiff was required under K.S.A. § 44-504(b) to subrogate his employer for the workers' compensation it had already paid.  Plaintiff alleges that he repaid his workers' compensation benefits, but it is unclear from the exhibit to which he points whether the proceeds were in fact turned over to Liberty Mutual when the check is made out to both Liberty Mutual and the Spigarelli Law Firm.  (Doc. 18; Ex. B.)  However, the Court finds that the parties' dispute over the outcome of the workers' compensation benefits is irrelevant when plaintiff is required under Kansas law to subrogate Liberty Mutual's previous payments to plaintiff.  The only issue that the Court needs to determine is whether plaintiff's claim is a contract action for additional compensation in the form of underinsurance coverage from Maryland Casualty Company or whether plaintiff's claim is a tort claim barred by the exclusivity provision of K.S.A. § 44-501(b) from recovering both workers' compensation and uninsurance benefits.

Regardless of this distinction, the Kansas Supreme Court did not provide an answer to the question posed in *Farmers*.  While *Farmers* was pending in the United States District Court for the District of Kansas, Judge Marten, the presiding judge, certified two questions of law involved in the matter to the Kansas Supreme Court: (1) Are the plaintiffs' claims barred by the exclusive remedy provision of the Workers' Compensation Act?; and (2) Under Kansas law, is a self-insurer required to provide uninsured motorist benefits to the occupants of its motor vehicles?  Answering the questions in reverse order, the Kansas Supreme Court answered "no" to the second question rendering the first question moot.[19]  Therefore, the court decided not to address the question regarding the exclusivity of workers' compensation benefits.[20]

Plaintiff encourages this Court to follow the dissent in the *Farmers* case in which Justice Davis, construing Kansas statutes and case law, answers the question regarding exclusivity.  In his dissent, Justice Davis argues that because the exclusivity provision applies to tort actions and an uninsured motorist claim is not a tort action but a contract action, the exclusivity provision does not bar plaintiffs' claims.[21]  Justice Davis' dissent thus concluded that the exclusivity provision does not bar an injured employee from recovering both uninsured motorist coverage and workers' compensation benefits.[22]  But, this Court will not adopt nor follow Justice Davis' conclusions, because a dissenting opinion is not binding precedent for Kansas law.

Based on the parties' competing arguments, the Court's resolution of the pending

---

[19]*Id.* at 263.

[20]*Id.* ("Because this court's analysis determined that a self-insurer is not required to provide [uninsured or underinsured] coverage, we will not address the federal district court's question regarding the exclusivity of workers compensation.").

[21]*Id.* at 265 (Davis, J., dissenting).

[22]*Id.* at 266 (Davis, J., dissenting).

summary judgment motion depends on whether plaintiff's claim against his employer's underinsurance carrier is construed as an action in tort or contract. Because this issue has not been addressed by the Kansas Supreme Court nor the Kansas Court of Appeals, the Court finds this issue to be appropriate for certification.

## III.  Conclusion

Because the resolution of this issue may be determinative in the pending matter and the Court finds no controlling precedent in decisions of the Kansas Supreme Court nor the Kansas Court of Appeals, the Court, on its own motion under K.S.A. § 60-3201, certifies the following question of Kansas law to the Kansas Supreme Court:

> Does the exclusivity provision of K.S.A. § 44-501(b) bar plaintiff's recovery against his employer's insurance company for underinsurance coverage when the plaintiff has already received workers' compensation benefits from his employer?

**IT IS THEREFORE ORDERED BY THE COURT** that the foregoing question of law be certified to the Kansas Supreme Court. The Clerk of this Court shall forward to the Kansas Supreme Court a copy of this Memorandum Order, along with copies of the briefs and exhibits submitted by the parties in support of and in opposition to defendant's Motion for Summary Judgment. The Clerk shall also comply with any subsequent requests which may be made by the Kansas Supreme Court for the original or copies of all or any portion of the record in this case.

**IT IS SO ORDERED**.

Dated this 20th   day of December 2005.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

8